UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THEOPHALIS J. GAINES, | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-00408 |
| | § | |
| OCEANEERING INTERNATIONAL, INC., | § | |
| | § | |
|     Defendant. | § | |

## ORDER OF TRANSFER

Defendant Oceaneering International, Inc. filed a Motion to Transfer Venue to the Lafayette Division of the Western District of Louisiana. Docket Entry No. 9. This is an FLSA case involving a putative class of 2,450 offshore workers—approximately 90% of whom report to work at Defendant's Morgan City, Louisiana office. After reviewing the briefing, the Court heard oral argument on the Motion at the February 5 scheduling conference.

For the reasons stated in more detail on the record, the Court finds that the Western District of Louisiana, Lafayette Division, is clearly a more convenient venue for this matter. Because this case involves a putative class of 2,450 individuals, the Court approaches this transfer analysis through the lens of relative convenience for members of the putative class. *See Webb v. Settoon Towing, LLC*, 2012 WL 5967962, at *4 (S.D. Tex. Nov. 28, 2012) (holding that considering the convenience of the putative class is appropriate due to the lenient standard for conditional certification and the judicial-

economy interest in avoiding "a game of venue ping-pong in which a case is transferred back and forth between the forum convenient to the original plaintiff and the forum convenient to most plaintiffs who opt in").  The Court recognizes the transitory nature of offshore work, but with over 90% of the putative class members reporting to work at Defendant's Morgan City location, there is no venue with a more easily discernible connection to this case for purposes of a convenience analysis.  And the Fifth Circuit emphasized last year that the venue transfer analysis is a relative inquiry comparing which of the two possible forums is more convenient; the more convenient forum need not be the most convenient for everyone involved.  *See In re Radmax, Ltd.* 720 F.3d 285, 288 (5th Cir. 2013).  Under that comparison between the Western District of Louisiana and the Southern District of Texas, the Court explained on the record why all of the private factors and those public factors that are implicated favor transfer.  *See In re Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

For these reasons as well as those stated on the record, Defendant's Motion to Transfer Venue (Docket Entry No. 9) is **GRANTED**.  The Court **TRANSFERS** this case to the Western District of Louisiana, Lafayette Division.

**SIGNED** this 5th day of February, 2014.

_____
Gregg Costa
United States District Judge